UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEILA K.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendants.

Case No. 2:21-cv-264-TLF

ORDER

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge.

I.   ISSUES FOR REVEW

Was the ALJ's RFC determination supported by substantial evidence?

II.   BACKGROUND

Plaintiff filed claims for DIB and SSI on May 21, 2018, alleging in both applications a disability onset date of March 1, 2014. AR 15. Plaintiff's applications were denied initially and upon reconsideration. AR 15. ALJ Richard Hlaudy held a telephone hearing on July 1, 2020. AR 15. On July 24, 2020, ALJ Hlaudy issued a decision finding that Plaintiff was not disabled. AR 28. On January 27, 2021, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-3.

Plaintiff seeks judicial review of ALJ Hlaudy's decision. Dkt. 4.

1

### III.   STANDARD OF REVIEW

2

3

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal

error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*,

4

874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

5

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

6

*Berryhill*, 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of

7

evidence. *Id.*

8

The Court must consider the administrative record as a whole. *Garrison v.*

9

*Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *Revels v. Berryhill*, 874 F.3d 648, 666 (9th

10

Cir. 2017). The Court is required to weigh both the evidence that supports, and

11

evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the

12

decision of the ALJ for a reason upon which the ALJ did not rely.

13

### IV.   DISCUSSION

14

In this case, the ALJ found that Plaintiff had the severe, medically determinable

15

impairments of fibromyalgia, cervical spondylosis, lumbar degenerative disc disease,

16

osteoarthritis of the right first metatarsophalangeal joint, asthma, hypothyroidism, and

17

depression. AR 17-18. Based on the limitations stemming from Plaintiff's impairments,

18

the ALJ found that Plaintiff could perform light work, except that she can occasionally

19

balance, stoop, kneel, crouch, and crawl. AR 20.

20

Further, she can occasionally reach overhead with her right upper extremity. *Id.*

21

Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, and poor

22

ventilation, and she must avoid concentrated exposure to vibration. She should avoid all

23

exposure to workplace hazards. *Id*. Relying on vocational expert ("VE") testimony, the

24

25

ALJ found that Plaintiff could not perform her past work, but could perform other light, unskilled jobs; therefore, the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 27-28.

Plaintiff contends that the ALJ erred when evaluating the medical opinions of Catherine Konrad, ARNP, and Liz Brenneman, LMHC. Dkt. 10 at p. 3.

A. Medical Opinion Standard of Review

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

B. Opinion of Ms. Konrad

Catherine Konrad, ARNP, evaluated Plaintiff on June 20, 2020 by conducting a mental RFC assessment and physical assessment. AR 887-898. Based on her evaluation, Ms. Konrad opined that Plaintiff could occasionally lift and carry 10 pounds, could never reach overhead, but occasionally in all other directions, and could occasionally push/pull -- including the operation of foot controls. AR 890. She also opined that Plaintiff was limited to occasional manipulative activity. AR 891. As for environmental activity, she limited Plaintiff to occasional exposure to moving mechanical parts, operating a motor vehicle, extreme cold and heat, but indicated she can never tolerate exposure to unprotected heights, humidity and wetness, pulmonary irritants, and vibrations as well as needed a quiet environment. *Id.*

Regarding mental impairments, Ms. Konrad opined Plaintiff has impulsive and distractible behavior, grandiose, hypomania with poor judgment behavior followed by immobility and tears from depression. AR 892. She said she has seen the claimant frequently suicidal and with multiple hospitalizations for suicide attempts. *Id.* She noted Plaintiff's marked limitations in the ability to maintain attention and concentration for extended periods, maintain regular attendance, work in coordination or proximity to others, work a normal workday/week, and get along with coworkers. AR 893.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C. Opinion of Liz Brenneman, MA, LMHC

Ms. Brenneman evaluation and treatment of Plaintiff started on October 31, 2018; she conducted a mental RCF assessment. AR 899-92. She noted Plaintiff's marked limitations in the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ability to complete a normal workday without interruptions, the ability to get along with coworkers and peers, and the ability to set realistic goals or make plans independently of others. AR 899-90. She opined that while Plaintiff is a "highly motivated woman," her "physical and accompanying psychological challenges present roadblocks." AR 902. Due to Plaintiff's bipolarism, anxiety, depression and PTSD, Ms. Brenneman opined that it is difficult for Plaintiff to develop a stable work life. *Id.* Ms. Brenneman also noted Plaintiff's family history of suicide and Plaintiff's own risk of suicide as a result of her diagnoses. *Id.*

D. The ALJ's Findings

The ALJ found that Ms. Brenneman's and Ms. Konrad's opinions of Plaintiff's mental health were not persuasive because they appeared "exaggerated" compared to their treatment notes, and they did not provide a "reasonable narrative explanation for the deviations." AR 26. The ALJ further found that their opinions were inconsistent with minimal observations of psychiatric difficulties by providers and minimal treatment with improvement, as well as failed to take into account situational stressors, and the claimant's ability to travel freely. *Id.* Finally, the ALJ found that the limitations related to attendance are not supported by Plaintiff's ability to attend to her medical visits and comply with treatment. *Id.*

1    With respect to the ALJ's first reason for rejecting the opinions of Ms. Konrad and

2 Ms. Brenneman, this Court finds that their opinions were not exaggerated in comparison

3 to their treatment notes; and, both Ms. Konrad and Ms. Brenneman provided narrative

4 explanations for their opinions. Ms. Konrad and Ms. Brenneman based their opinions on

5 their examinations of Plaintiff, and the ALJ failed to explain how those opinions are

6 "exaggerated" or how they deviate from the treatment records. Each of the marked

7 limitations noted by Ms. Konrad and Ms. Brenneman were observed by them during

8 their evaluations of Plaintiff. This reason for rejecting Ms. Konrad's and Ms.

9 Brenneman's opinions is not supported by the record.

10    The ALJ also rejected each of these opinions due to minimal observations of

11 psychiatric difficulties by providers, and minimal treatment -- with improvement. The ALJ

12 stated that the treatment notes from other providers noted that Plaintiff was alert and

13 oriented, cooperative, friendly, engaged, and pleasant, maintained appropriate

14 conservation and behavior, and maintained normal attention span. AR 23-24. Further,

15 the ALJ states Plaintiff's mental health improved with counseling and medication. AR

16 24. But the ALJ seems to overlook the observations in treatment notes regarding

17 Plaintiff's continued depressed moods, emotional temperament, and suicidal thoughts.

18 AR 48; 509-510; 564.

19    With regard to mental health issues, "[c]ycles of improvement and debilitating

20 symptoms are a common occurrence" and isolated instances of improvement are not a

21 proper basis to find a claimant can work. *Garrison v. Colvin*, 759 F.3d 995, 1017 (2014).

22 Even if Plaintiff's symptoms did improve, it does not necessarily follow that her

23 symptoms improved enough to enable Plaintiff to sustain employment. Plaintiff's mental

24

25

symptoms fluctuate. For example, in February 2015, Plaintiff was prescribed Lexapro and in March 2015, Plaintiff reported improvements in her mood as a result of the medication. AR 492-93. However, that improvement did not last long term. In May of 2018, Plaintiff presented for a psychotherapy evaluation due to depression and suicidal thoughts. AR 399-400. The ALJ's finding, as to each of the opinions, that Plaintiff's symptoms improved with minimal treatment is not based on substantial evidence in the record as a whole.

The ALJ's third reason for rejecting Ms. Konrad and Ms. Brenneman's opinions was because the opinions did not take into account additional situational stressors. With respect to Plaintiff's situational stressors, the ALJ stated:

> Providers have noted stressors due to occupational concerns, family and relationship concerns (6F2). In July 2018, the claimant struggled with intense depression and suicidal thoughts, but just sold a car she loved, felt emotionally neglected by her wife, and was driving herself hard with cleaning and building tasks (9F3). Yet, she also had ten close friends coming to her house for the weekend for a retreat (Id). She presented later in 2018 with depression and suicidal ideation related to health, inability to work consistently, and financial hardship (15F1). Her suicidal thoughts were noted to have been triggered by recent events and appeared related to income challenges (10F25). The claimant's problems thus appear, at least in part, situational in nature, rather than due solely to her medically determinable impairments.

AR 24. With respect to Ms. Brenneman's opinion, the ALJ was incorrect in finding that she did not account for Plaintiff's situational stressors. Ms. Brenneman noted that Plaintiff was "grieving her deteriorating health, her inability to work with any predictable consistency and financial hardship resulting from the aforementioned." AR 902. Similarly, Ms. Konrad stated that work-related stress "magnifies her impairment." AR 892. Even if Ms. Konrad and Ms. Brenneman did not mention each of the situational stressors discussed by the ALJ, their opinions did show that the situational stressors in

Plaintiff's life appear to be a constant presence affecting her ability to work on a regular and continuing basis.

The critical issue in a disability case is the claimant's "capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b). Thus, "[w]here it is established that the claimant can hold a job for only a short period of time, the claimant is not capable of substantial gainful activity ." *Gatliff v. Commissioner of Social Security Admin.,* 172 F.3d 690, 694 (9th Cir.1999) (no substantial gainful employment where plaintiff is unable to hold a job for more than 2 months at a time). "Occasional symptom-free periods — and even the sporadic ability to work -- are not inconsistent with disability." *Lester,* 81 F.3d at 833. Although the ALJ accurately noted that the record reflects some exacerbation of Plaintiff's mental health symptoms in response to stress, the Court finds that, taken as a whole, the record suggests a continuum of mental health conditions combined with situational stressors in Plaintiff's life, negatively affecting her ability to cope, and preventing work on a regular and continuing basis. Accordingly, the Court finds that this reason was not supported by substantial evidence as a basis for the ALJ to reject Ms. Konrad and Ms. Brenneman's opinions.

Fourth, the ALJ found that Ms. Konrad and Ms. Brenneman's opinions were not persuasive because they did not account for Plaintiff's ability to travel freely. An ALJ may properly infer from the fact that a claimant is able to travel that he or she is not as limited has he or she purported to be. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that the ALJ properly relied, in part, upon a claimant's ability to travel to Venezuela for an extended time as a clear and convincing reason to discount the plaintiff's credibility). However, the ability to travel is

not necessarily inconsistent with disability. *See*, *e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (evidence that the plaintiff took a four-day road trip to California, without more, is insufficient to counter the opinions of the treating physicians and the medical examiner that the plaintiff needs to shift positions every 30 minutes); *see also Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986) (ability to engage in periodic travel around the country in a motor home did not justify discrediting complaints of debilitating pain).

Here, the ALJ points out that Plaintiff travels to visit friends and families, despite her symptoms, which suggests that her symptoms and limitations are not as severe as Plaintiff alleges. AR 25. The trips that the ALJ are referring to are trips that Plaintiff took to Iran to deal with her deceased father's property and to California to visit her sick mother. AR 396. She described the trips as stressful and took Clonazepam daily while in Iran to deal with her anxiety. *Id*. Further, neither Ms. Konrad nor Ms. Brenneman's opinions indicated that Plaintiff would be unable to travel due to her mental health. The opinions identified only moderate limitations with detailed instructions, no significant limitations interacting with the public, requesting assistance or in the ability to travel to unfamiliar places. AR 888, 900. The ALJ did not base this reason on substantial evidence -- Plaintiff's ability to travel was not, considering the record as a whole, a legally valid basis for rejecting Ms. Konrad and Ms. Brenneman's opinions.

Finally, whether Plaintiff can attend medical appointments has little bearing on whether she is able to maintain an eight-to-five workday, five days a week. *See e.g., Hernandez-Devereaux v. Astrue*, 614 F. Supp. 2d 1125, 1147 (D. Or. 2009) ("This court suspects that had plaintiff failed to attend her various appointments, the ALJ would have

criticized her for failing to comply with treatment as evidence of malingering."); *Mulanax v. Comm'r*, 293 F. App'x 522, 523 (9th Cir. 2008) (citing Social Security Ruling 96-8p, 1996 WL 374184, at *1) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work-eight hours per day, five days per week). The ALJ failed to explain how Plaintiff's ability to keep her medical appointments shows she could sustain a full-time work schedule and erred in rejecting Ms. Konrad and Ms. Brenneman's opinions on Plaintiff's ability to work within a normal schedule based on Plaintiff's ability to attend medical appointments.

Thus, for the aforementioned reasons, the ALJ improperly rejected Ms. Konrad and Ms. Brenneman's opinions regarding work-related limitations relating to Plaintiff's mental conditions.

E. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ improperly discounted Ms. Konrad and Ms. Brenneman's opinions on Plaintiff's limitations based on her mental health. Because the erroneous adverse

1  credibility determination was of consequence to the ultimate determination of disability,

2  the error was harmful.

3       F.  <u>Physical Limitations</u>

4       With respect to Ms. Konrad's opinion regarding Plaintiff's physical limitations, the

5  ALJ concluded that her opinion was "somewhat persuasive" because she treated

6  Plaintiff. AR 25. However, the AJ found that her opinion was not entirely supported by

7  treatment records, including workup findings, physical examinations, and minimal

8  treatment with improvement. *Id*. Further, the ALJ found that Ms. Konrad's opinion was

9  also not entirely consistent with the "lack of acute distress, and statements of the

10  intensity, persistence, and limiting effects of the claimant's symptoms". *Id*.

11       The ALJ provided specific and legitimate reasons to find Ms. Konrad's opinion

12  only "somewhat persuasive." AR 25. The record supports the ALJ's findings that

13  Plaintiff's foot impairment, and neck and shoulder pain improved with treatment

14  overtime. AR 267, 350. Regarding her foot impairment, Plaintiff's provider noted that

15  alignment looked good and there was no redness or swelling. AR 267. After her foot

16  surgery, Plaintiff reported that she was doing well and her pain had improved

17  significantly. AR 757. Although there were some instances of pain, Plaintiff

18  demonstrated good flexor and extensor function, and her ankle and hindfoot range of

19  motion was normal. AR 269, 271. Similarly, with respect to her upper extremities,

20  although Plaintiff experienced tenderness, her strength was full in the upper extremities

21  and she had functional range of motion of her right shoulder. AR 676.

22       Further, the record supports the ALJ's findings that conservative treatment

23  helped alleviate Plaintiff's symptoms. Evidence of conservative treatment successfully

24

25

relieving symptoms can serve as a specific, legitimate reason for discounting a medical opinion. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). Plaintiff's treatments included chiropractic, acupuncture, two epidural injections in 2011 with the last noted in 2013, yoga, and nonsteroidal anti-inflammatory medication and physical therapy. AR 349. The ALJ did not err in finding that such forms of treatment constituted conservative treatment.

   G. Was the ALJ's RFC Determination Supported by Substantial Evidence?

   The ALJ found Plaintiff retained the RFC to perform a reduced range of light work, with occasional postural changes, occasional overhead reaching on the right, avoidance of hazards and environmental irritants, and a limitation to only simple, routine tasks. Plaintiff maintains the RFC is not supported by substantial evidence. Dkt. 10 at p. 3.

   The Court has found the ALJ committed harmful error, necessitating the ALJ's reassessment of opinions from Ms. Konrad and Ms. Brenneman's opinions regarding Plaintiff's psychological limitations on remand. Therefore, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective").

H. Remand With Instructions for Further Proceedings

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court has determined that on remand the ALJ must re-evaluate the opinions of Ms. Konrad and Ms. Brenneman with respect to their mental health assessment. Therefore, there are outstanding issues which must be resolved and remand for further proceedings is appropriate.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 29th day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 13